UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**DIRK N. PAULIN**                                                   **CIVIL ACTION**

**VERSUS**                                                           **No. 12-2735**

**JANET NAPOLITANO, SECRETARY,**                                     **SECTION I**
**DEPARTMENT OF HOMELAND**
**SECURITY, FEDERAL EMERGENCY**
**MANAGEMENT AGENCY**

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by defendant, Janet Napolitano, Secretary, Department of Homeland Security.[1] Plaintiff, Dirk N. Paulin, opposes the motion.[2] For the following reasons, the motion for summary judgment is **GRANTED**.

### Background

Plaintiff, Dirk N. Paulin ("Paulin"), filed this lawsuit alleging violations of his civil rights in connection with his employment by the Federal Emergency Management Agency ("FEMA").[3] Plaintiff filed two administrative EEO complaints. In the first administrative complaint, filed on November 30, 2009, Paulin alleged that, due to his skin color and gender, FEMA had unlawfully refused "to put him in task lead positions that give[] an employee permanent status."[4] In his second administrative complaint, filed on April 5, 2012, Paulin alleged that he was subjected to retaliation, harassment, and a hostile work environment.[5]

On May 8, 2012, the parties settled Paulin's first administrative complaint and, in doing so, they agreed that "any other complaints, formal or informal, pending as of the date of this

---

[1] R. Doc. No. 18.
[2] R. Doc. No. 21.
[3] R. Doc. No. 1.
[4] *Id.* at ¶ 5; R. Doc. No. 18-3.
[5] *See* R. Doc. No. 18-4, at p. 7.

1

Agreement are considered finally resolved by this Settlement Agreement."[6]  As a result, Paulin's second administrative complaint was procedurally dismissed on May 24, 2012.[7]

On November 11, 2012, Paulin filed this lawsuit seeking damages for numerous alleged instances of discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981, 1983, 1985, the 5th and 14th Amendments to the United States Constitution, and state tort law.[8]  The complaint is based, in large part, on the claims set forth in his second administrative complaint,[9] but it also appears to assert "amendments" to his original complaint of discrimination.[10]  Although Paulin acknowledges the settlement, he claims that he filed this lawsuit because "[d]efendants have, while the previous complaint was pending and since the previous complaint was settled, retaliated against Petitioner."[11]

Defendant, Janet Napolitano, Secretary, Department of Homeland Security, filed the present motion for summary judgment on the ground that the claims were released in a settlement agreement entered into by the parties on May 8, 2012.[12]  Defendant alternatively argues that Paulin failed to timely file this complaint within the 90-day limitations period.[13]  Paulin responds that his claims are timely and that they represent new claims that were added "via subsequent amendment" after the settlement agreement was executed.[14]

---

[6] R. Doc. No. 18-5.
[7] R. Doc. No. 18-2, at ¶ 8.
[8] R. Doc. No. 1, at ¶ 1.  This Court previously dismissed plaintiff's non-Title VII claims without opposition.  *See* R. Doc. No. 15.
[9] *See* R. Doc. No. 1, at ¶¶ 6-9, pp. 3-21.
[10] *See id.* at ¶ 10, pp. 21-24.
[11] *Id.* at ¶ 5.
[12] R. Doc. No. 18.
[13] *Id.*
[14] R. Doc. No. 21.

## Standard of Law

Summary judgment is proper when, after reviewing the pleadings, the discovery and disclosure materials on file, and any affidavits, the court determines there is no genuine issue of material fact. *See* Fed. R. Civ. P. 56. The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. *Id.*; *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56, the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. *Id.* The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255; *see Hunt v. Cromartie*, 526 U.S. 541, 552 (1999).

## Discussion

On May 8, 2012, Paulin settled the discrimination claims he asserted in his first administrative complaint and released defendant from "any actions, claims, demands, and causes of action of whatsoever kind and nature against FEMA based on, arising out of, and by reason of any or all of the actions set forth in [the original complaint]" as well as "any other complaint, formal or informal, pending as of the date of th[e] Agreement."[15]  As stated, the second administrative complaint underlying the present lawsuit was filed on April 5, 2012 and it was pending as of the date of the settlement agreement.[16]

Voluntary settlement of employment discrimination claims binds both parties and is encouraged by courts. *See Jackson v. Windall*, 99 F.3d 710, 714 (5th Cir. 1996).  "Allowing one party to renounce an agreement and sue for additional relief would undermine our longstanding policy of encouraging settlement, thereby creating a disincentive to the amicable resolution of legal disputes and defeating the purposes of title VII." *Id.*  As stated above, Paulin's federal complaint is based, in large part, on the claims set forth in his second administrative complaint,[17] but it also appears to assert "amendments" to his original complaint of discrimination.[18] Because the allegations underlying this lawsuit which relate to events occurring prior to May 8, 2012 were pending at the time the settlement agreement was reached, they were clearly released as part of the agreement.

Paulin nevertheless argues that "[s]ubsequent to the settlement of the first complaint, Petitioner amended his second complaint to include allegations not pending at the time of the settlement, and not decided upon by the Agency at the time the instant suit was filed."[19] Paulin

---

[15] R. Doc. No. 18-5.
[16] R. Doc. No. 18-4.
[17] *See* R. Doc. No. 1, at ¶¶ 6-9, pp. 3-21.
[18] *See id.* at ¶ 10, pp. 21-24.
[19] R. Doc. No. 21-1, at ¶ 5.

argues that the claims underlying this lawsuit "were not pending on May 24, 2012, the date of the agency dismissal. The allegations in the instant complaint are a second, separate complaint added through amendment after May, 2012."[20]

Several major inconsistencies asserted by plaintiff undermine Paulin's attempt to salvage this lawsuit.  First, and most importantly, nothing in the record supports his argument that he filed any amendments to his second administrative complaint after the May 8, 2012 settlement. Second, the Court notes that Paulin described in his federal complaint numerous instances of alleged misconduct occurring on specific dates in 2009, 2010, and 2011, which were based on his first and second administrative complaints. These allegations relating to conduct occurring in previous years are impossible to reconcile with the argument he now raises, namely, that the lawsuit is actually based on events that occurred after May 24, 2012.  In fact, there is only one allegation of misconduct in the entire complaint that is alleged to have occurred after the settlement.[21] Finally, plaintiff's federal complaint filed on November 11, 2012 states,  "Six Months, 180 days, have passed without a decision." However, that could not be true if the complaint was actually based on events that occurred after May 24, 2012.

The reality is that Paulin's complaint is based almost entirely on claims which were pending as of the date of the May 8, 2012 settlement agreement and they were released as part of the agreement.  Paulin's attempt to reconcile this lawsuit with an unidentified amendment to his second administrative complaint that was supposedly filed sometime after May 24, 2012 fails to overcome defendant's motion for summary judgment.

---

[20] R. Doc. No. 21, at p. 4.
[21] This allegation states that in July 2012, Eddie Williams "[p]laced me on the Direct Administrative Cost (DAC) team with little and no work, failure is imminent and therefore likely to be right sized." R. Doc. No. 1, at ¶ 9.oo.

5

To the extent that Paulin seeks to vindicate new acts of retaliation that occurred after May 24, 2012, he failed to exhaust his administrative remedies. Title VII requires that plaintiffs exhaust their administrative remedies before instituting a lawsuit in federal court. "[A] federal employee otherwise eligible to proceed to district court with [his] Title VII, ADEA, or Rehabilitation Act employment discrimination claim may only do so '[w]ithin 90 days of the Commission's final action on appeal,' or 'after 180 days from the date of the filing of an appeal with the Commission if there has been no final decision by the Commission.'" *See Atkins v. Kempthorne*, 353 F. App'x 934, 936 (5th Cir. 2009) (citing 29 C.F.R. § 1614.407). "The scope of a Title VII complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Thomas v. Tex. Dep't of Criminal Justice*, 220 F.3d 389, 395 (5th Cir. 2000); *see also Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970) ("[I]it is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.").

Paulin filed administrative complaints alleging discrimination and retaliation, but he admits that his first administrative complaint was settled, and it is clear that his second administrative complaint was procedurally dismissed as a result of the settlement on May 24, 2012. With respect to any allegations of misconduct occurring after May 24, 2012, "one could not expect that an EEOC investigation would reasonably grow out of [a] charge [relating to] events which had not occurred [at the time the investigation was terminated] and for which no new or amended charge was ever filed." *Foster v. Tex. Health Sys.*, No. 99-1217, 2002 WL 1461737, at *6 (N.D. Tex. June 30, 2002). Moreover, even if such acts were included in a new administrative complaint after May 24, 2012, Paulin cannot show that he filed his federal

complaint "[w]ithin 90 days of the Commission's final decision," or "[a]fter 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission."  *See* 29 C.F.R. § 1614.407; *Atkins*, 353 F. App'x at 936-37.  Accordingly,

**IT IS ORDERED** that defendant's motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's claims of discrimination and/or retaliation based on events occurring prior to the settlement are **DISMISSED WITH PREJUDICE** as they were released in the settlement agreement.

**IT IS FURTHER ORDERED** that plaintiff's claims of discrimination and/or retaliation based on events occurring after the settlement are **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

New Orleans, Louisiana, July 23, 2013.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**